UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DE'MONTA LAMAR HAMBRIGHT,

    Plaintiff,

    v.                                         Case No. 13-CV-1362

WARDEN PAUL KEMPER,
R. MALONE,
TOMMY THOMAS,
ZACHARIA NURDEEN, and
MR. WAHLSTROM,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND SCREENING PLAINTIFF'S COMPLAINT

    The plaintiff, De'monta Lamar Hambright ("Hambright"), filed a complaint under 42 U.S.C. § 1983, along with a motion for leave to proceed *in forma pauperis*.

    Hambright has been assessed and paid an initial partial filing fee of $16.13. I will grant his motion for leave to proceed *in forma pauperis*.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to

relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully

2

pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, Hambright avers that the Eid feast celebrating the conclusion of Ramadan was scheduled to take place at 1:00 p.m. on August 8, 2013, at Racine Correctional Institution. Hambright, the chaplain, and the other Ramadan participants gathered in the chapel, but the food did not arrive. Food service had made an error and did not prepare the meal as scheduled. The feast was rescheduled to August 15, 2013, but Hambright did not attend. Hambright asserts that the denial of his Eid feast violated his constitutional rights under the First and Eighth Amendments. He avers that he has suffered extreme emotional distress, depression, and loss of sleep as a result of missing his Islamic meal on his Holy Day, and that he was prescribed medication to deal with the deprivation of the feast.

Hambright wrote to each of the named defendants regarding the feast not taking place on August 8, 2013. He was advised repeatedly that there was a communication problem and that the feast had been rescheduled.

It appears from Hambright's complaint and the attached exhibits that it was a mistake that resulted in the Ramadan participants not having their Eid feast on the scheduled day. Negligent conduct on the part of a state official is insufficient to make out a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 331, 333-34 (1986); *Thomas v. Farley*, 31 F.3d 557, 558 (7th Cir. 1994).

Nevertheless, I must liberally construe Hambright's *pro se* allegations. *See Erickson*, 551 U.S. at 94. In doing so, I read Hambright's complaint to suggest that the problem with the Eid feast may have been intentional. Hambright also submits that, according to Chaplain Nardeen, the prayer and ceremonials could have been extended to the third day, but Eid feast was held eight days later, beyond the third day.

> Prisoners retain the right to exercise their religious beliefs, although that right is not unfettered. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348-49, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); *Turner v. Safley*, 482 U.S. 78, 89-91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *Tarpley v. Allen County, In.*, 312 F.3d 895, 898 (7th Cir.2002). Prison officials may restrict inmate's ability to practice his faith so long as the restriction is reasonably related to a legitimate penological interest. *See Turner*, 482 U.S. at 89, 107 S.Ct. 2254. Legitimate penological interests include security and economic concerns. *Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir.1991). When officials assert such a concern to justify the curtailment of an inmate's religious exercise, we must consider four factors in determining whether the challenged restriction is constitutional: (1) whether the restriction "is rationally related to a legitimate and neutral governmental objective"; (2) "whether there are alternative means of exercising the right that remain open to the inmate"; (3) "what impact an accommodation of the asserted right will have on guards and other inmates"; and (4) "whether there are obvious alternatives to the [restriction] that show that it is an exaggerated response to [penological] concerns." *Lindell v. Frank*, 377 F.3d 655, 657 (7th Cir.2004) (citing *Turner*, 482 U.S. at 89-91, 107 S.Ct. 2254).

*Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009).

At this stage, I cannot assume that the defendants had a legitimate penological reason to delay the rescheduled feast for a week. I will allow Hambright to proceed on First Amendment free exercise claims against each of the named defendants.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's's motion for leave to proceed *in forma pauperis* (Docket # 2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Hambright's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

4

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from Hambright's prison trust account the $333.87 balance of the filing fee by collecting monthly payments from Hambright's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin this 15th day of September, 2014.

BY THE COURT:

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge